# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NOELLE RAE WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 10-1145-JWL |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying childhood disability benefits (CDB) under sections 202 and 223 of the Social Security Act. 42 U.S.C. §§ 402 and 423 (hereinafter the Act). Finding error in the administrative law judge's (ALJ's) decision, the court ORDERS that the decision is REVERSED and that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

## I. Background

Plaintiff applied for CDB on September 30, 2008 alleging disability since February 29, 2008. (R. 8, 95-101). The application was denied initially and upon reconsideration,

and Plaintiff requested a hearing before an ALJ. (R. 8, 47, 48, 64-65). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Michael A. Lehr on July 8, 2009. (R. 8, 18, 19). At the hearing testimony was taken from Plaintiff and from her mother. (R. 8, 20-46). After the hearing answers to a vocational interrogatory were secured from a vocational expert. (R. 8, 247-68).

Thereafter the ALJ issued a decision in which he found that although Plaintiff has no past relevant work as defined in the regulations, there are a significant number of jobs available in the economy which are within her residual functional capacity (RFC). (R. 8-17). Therefore, he determined Plaintiff is not disabled within the meaning of the Act, and denied her application for childhood disability benefits. (R. 17). Plaintiff sought Appeals Council review of the decision and submitted a letter brief which the Council considered, but it found no reason for review under its rules, and denied Plaintiff's request. (R. 1-4, 91-94). Consequently, the ALJ's decision is the final decision of the Commissioner. (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review of that decision. (Doc. 1).

## II. Legal Standard

The court's jurisdiction and review are guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1051-52 (10th Cir. 2009) (citing 42 U.S.C. § 405(g)). Section 405(g) of the Act provides that, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied

the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her

3

age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. § 404.1520 (2008); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment, and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. If claimant's impairment(s) does not meet or equal a listed impairment, the Commissioner assesses her RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five-- whether claimant can perform her past relevant work, and whether, when considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (citing Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the

burden shifts to the Commissioner to show jobs in the economy within Plaintiff's capability. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred in assessing her RFC, whereas the Commissioner argues that the RFC assessment was proper and was supported by substantial evidence in the record.

### III. RFC Assessment

Plaintiff claims the ALJ erred in assessing RFC because although the ALJ accorded "significant weight" to the opinions of the state agency consultants and "little weight" to the opinion of Ms. Redden, Plaintiff's physician's assistant (PA), he did not state the weight he accorded to the opinion of Plaintiff's teacher, Mr. Tolle, and he did not provide a narrative discussion which describes how the evidence supports the mental limitations ultimately assessed. She argues that the RFC assessed by the ALJ contains mental limitations which were not included in the state agency consultants' opinions, that the ALJ did not order a consultative examination which might have potentially contained the additional mental limitations, and that although the additional mental limitations are included within Ms. Redden's opinion, her opinion also included many other mental limitations which were not included in the ALJ's RFC assessment, and the ALJ did not explain how he decided that the additional mental limitations should be included in the RFC assessed but that the other mental limitations should not be included. The Commissioner argues that the ALJ properly assessed Plaintiff's RFC. He argues that the ALJ properly considered the opinion evidence and properly accorded "significant weight"

to the opinions of the state agency consultants, Drs. Blum and Jessop, and "little weight" to the opinions of Ms. Redden and Mr. Tolle. He asserts that the ALJ properly considered the opinion evidence and that substantial evidence supports the weight accorded. He argues that the RFC assessed is supported by the opinions of Drs. Blum and Jessop, and--contrary to Plaintiff's brief--that the ALJ did not rely upon Ms. Redden's opinion to assess the additional mental limitations, but the additional limitations are supported by the state agency consultants' opinions, and by other record evidence such as the reports of treating physician, Dr. Jackson, treatment notes from Horizons Mental Health Center, and the report of a former employer.

As Plaintiff admits, the ALJ accorded "significant weight" to the opinions of the state agency medical consultants. (R. 14). Moreover, although the ALJ did not name these consultants, the record reveals that on November 24, 2008 Dr. Blum performed a case analysis and completed both a Psychiatric Review Technique Form (PRTF) and a Residual Functional Capacity Assessment - Mental form (MRFC) regarding Plaintiff. (R. 356-74). On February 11, 2009, Dr. Jessop reviewed the evidence in the file and affirmed Dr. Blum's MRFC and PRTF "as written." (R. 408). There are no other documents in the administrative record completed by state agency physicians or other state agency consultants. Therefore it is beyond cavil that the opinions of Drs. Blum and Jessop are the opinions of the "State agency medical physicians and other consultants" to which the ALJ accorded "significant weight."

Plaintiff also admits that the ALJ accorded "little weight" to the opinion of PA Redden memorialized in a "Medical Source Statement (Mental)" dated June 6, 2009. (Pl. Br. 5) (citing (R. 14, 433-34)). Plaintiff's brief also states that the ALJ "rejected" PA Redden's opinion (Pl. Br. 6), but she does not elaborate on that statement, and the court understands her to mean that in according "little weight" to the opinion, there were portions of the opinion rejected by the ALJ.

The record does not support Plaintiff's assertion that "[t]he ALJ quoted from Mr. Tolle's report, but did not say how much weight he gave it." (Pl. Br. 7) (citing (R. 14)). First, the ALJ summarized Mr. Tolle's report and cited it, but he did not quote from the report. (R. 14-15) (citing Exs. 13E, 25E (R. 210-23, 269)). Moreover, and more importantly, as the Commissioner points out, the ALJ stated he accorded "little weight" to Mr. Tolle's opinion because as a teacher, Mr. Tolle was neither a mental health professional nor a vocational expert, and was not qualified to opine regarding Plaintiff's employability. (Comm'r. Br. 9) (citing (R. 14-15).

Based upon the record evidence, the ALJ stated the weight he accorded each of the opinions at issue here and stated his reasons for assigning that weight, and Plaintiff does not contend that record evidence does not support the reasons given. Rather she argues that the RFC assessed by the ALJ contains mental limitations which are not identical with those in any individual opinion, and that the ALJ did not provide a narrative discussion which describes how the evidence supports the mental limitations ultimately assessed. The court agrees.

7

Regarding Plaintiff's mental limitations, what is at issue here is the ALJ's finding that Plaintiff can perform simple, unskilled work requiring no contact with the general public and only occasional contact with co-workers and supervisors.  Dr. Blum found Plaintiff is "moderately limited" in only two of twenty identified mental activities:  (3) the ability to understand and remember detailed instructions; and (5) the ability to carry out detailed instructions.  (R. 371-72) (numbering used in the MRFC form completed by Dr. Blum).  He found no significant limitations in the other eighteen mental activities identified in the MRFC form, and specifically found that Plaintiff is "not significantly limited" in four mental activities which relate to contact with the general public, or with co-workers, and supervisors:  (9) the ability to work in coordination with or proximity to others without being distracted by them; (12) the ability to interact appropriately with the general public; (14) the ability to accept instructions and respond appropriately to criticism from supervisors; and (15) the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.  Id.

In her Medical Source Statement (MSS) form, PA Redden rated the same twenty mental activities as Dr. Blum, but with significantly different results.  (R. 433-43).  She opined:  that Plaintiff is "markedly limited" in three mental activities including (9) the ability to work in coordination with or proximity to others without being distracted by them; that Plaintiff is "moderately limited" in eleven mental activities including (3) the ability to understand and remember detailed instructions, (5) the ability to carry out detailed instructions, (14) the ability to accept instructions and respond appropriately to

8

criticism from supervisors, and (15) the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and that Plaintiff is "not significantly limited" in four mental activities including (12) the ability to interact appropriately with the general public. (R. 433-34) (numbering used in MSS form completed by PA Redden). Ms. Redden also stated that Plaintiff's limitations in two mental activities are "unknown" to her. (R. 434). Thus, it can fairly be said that PA Redden found Plaintiff has significantly greater mental limitations than did Dr. Blum.

In his RFC assessment, the ALJ found that Plaintiff "can perform simple, unskilled work with no contact with the general public and only occasional contact with co-workers and supervisors." (R. 12). In discussing his assessment of Plaintiff's RFC, the ALJ summarized the legal standard to be applied, Plaintiff's allegations of symptoms, and the record evidence. (R. 13-14). He discussed the opinions of the state agency consultants, Ms. Redden, and Mr. Tolle; and accorded "significant weight" to the consultants' opinions, and "little weight" to the opinions of Ms. Redden and Mr. Tolle. (R. 14-15). He considered the third party function report completed by Plaintiff's mother and accorded it only "limited weight." (R. 15). And, finally, he evaluated the credibility of Plaintiff's allegations of symptoms resulting from her impairments, and found them "not credible." Id.

The mental limitations assessed by the ALJ include limitations which are not specifically included in the MRFC form completed by Dr. Blum although Dr. Blum's opinion was accorded "significant weight." And, although all of the mental limitations

9

assessed are arguably included in the MSS form completed by PA Redden, the ALJ only accorded "little weight" to PA Redden's opinion, the opinion suggests that Plaintiff is "markedly limited" in three mental activities, the opinion includes limitations in nine mental activities in which the ALJ found no limitations, and PA Redden found Plaintiff "not significantly limited" in the ability to interact appropriately with the general public-- an area in which the ALJ found Plaintiff is to have no contact. Despite these conflicts, and the ambiguity created by apparently crediting portions of each opinion rather than the entirety of either opinion, the ALJ's decision does not explain why the ALJ assessed limitations which were greater than those in Dr. Blum's MRFC form; or why he assessed limitations which in certain respects were lesser than, in certain respects were equivalent to, and in certain respects were greater than those in PA Redden's MSS form. This is error requiring remand for a proper explanation.

As Plaintiff's brief suggests, the Commissioner issued Social Security Ruling (SSR) 96-8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits." West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2010). The Ruling includes narrative discussion requirements for an RFC assessment. Id. at 149. The discussion is to cite specific medical facts and nonmedical evidence to describe how the evidence supports each conclusion, discuss how the plaintiff is able to perform sustained work activities, and describe the maximum amount of each work activity the plaintiff can perform. Id. The discussion must include an explanation how

any ambiguities and material inconsistencies in the evidence were considered and resolved.  Id.  If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion.  Id. at 150.

As the court's discussion above reveals, the narrative discussion in the decision at issue here did not describe how the evidence supports the ALJ's conclusions with regard to mental limitations and did not explain how the ambiguities and material inconsistencies described above were considered and resolved.  Therefore, this case must be remanded and the Commissioner must make a proper explanation such that the Plaintiff and the court will know the rationale used to reach the decision, and will be able to determine whether substantial evidence in the record supports the decision.  In 2004 in a case quite similar to this, Judge Belot explained the shortcomings of the ALJ's analysis:  "the ALJ simply listed all the evidence contained in the record and then set forth his conclusion without explaining the inconsistencies and ambiguities contained in the opinions.  He did not connect the dots, so to speak, as is required by S.S.R. 96-8p."  Kency v. Comm'r of Soc. Sec., Civ. A. No. 03-1190-MLB, 2004 WL 5542829 at *4 (D. Kan. Nov. 19, 2004).  Later in the same opinion Judge Belot suggested how the shortcomings should be corrected:

> Most important, the ALJ must explain how the decision was reached.
> When an ALJ merely summarizes the facts, notes that he has considered all
> of the facts, and then announces his decision, there is nothing for the court
> to review.  The court cannot know how the ALJ analyzed the evidence.
> When the evidence is contradictory or ambiguous, as it is in most cases, the
> court cannot know which evidence was given what weight, or how the
> ambiguities were resolved.  Therefore, to determine whether substantial

> evidence supports the conclusion, the court would have to reweigh the
> evidence. Since that option is precluded by law, the court can only remand
> to the defendant for a proper explanation of how the evidence was weighed
> and ambiguities resolved.

Id. The court does not require that the decision include an item-by-item discussion of each RFC limitation with an explanation of the evidence relied upon to support that particular limitation, but the decision must explain how the ambiguities were resolved and reveal the evidentiary basis of and rationale for the RFC assessed.

The Commissioner's explanation of how Dr. Blum's MRFC can be seen to support the RFC assessed, and his argument that the RFC assessed is also supported by the treatment records of Dr. Jackson, the treatment notes of the Horizons Mental Health Center, and the report of a former employer, are merely a request that the court reweigh the evidence and determine that the evidence supports the RFC assessed. However, as Judge Belot noted in the Kency decision, that option is precluded by law. Bowman, 511 F.3d at 1272 (The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."); accord, Hackett, 395 F.3d at 1172. Moreover, the explanation given in the Commissioner's brief may not be relied upon to affirm the decision because it was not the rationale relied upon in the decision at issue. Knipe, 755 F.2d at 149 n.16 (decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action). Nor may the court create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is REVERSED and that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Dated this 9th day of June 2011, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**